I concur in the majority's disposition of the issues regarding disclosure of appellant's prior alcohol or drug abuse treatment; her social security number; and her unlisted telephone number. However, I respectfully dissent from the majority's decision with respect to disclosure of appellant's use of prescription medications at the time of the collision. When strictly construing R.C. 2317.02(B) against appellant, the statute only prohibits a physician or dentist from testifying. It does not prohibit the patient from testifying. Accordingly, interrogatories directed to the patient (appellant) about what prescribed medications she was taking at the time of the accident do not fall under R.C. 2317.02(B). Likewise, the privilege does not apply to disclosure by the appellant of her past treatment for alcohol or drug abuse. Appellee's interrogatory did not request confidential communications or health or medical records protected under R.C. 3793.12
or R.C. 3793.14. Appellant's prior history of alcohol or drug abuse treatment is relevant to appellee's punitive damage claim and discoverable. That is not to say such treatment history would be necessarily admissible at trial under Evid.R. 403(B).